IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATIE GARDING, | Cause No. CV 20-105-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Pending before the Court is a Motion to Stay.  (Doc. 30.)  Respondent is asking this Court to stay the execution of the conditional writ that was granted by this Court pending resolution of the appeal.  Garding, through counsel, opposes Respondent's motion.  (*See* Doc. 31 at 7.)

**Background**

On March 27, 2023, this Court issued an Order conditionally granting Petitioner habeas relief on her ineffective assistance of counsel claim.  (Doc. 26.) The Order further stated:

1

> Within thirty (30) days of the date of this Order, the State may move to vacate the state criminal judgment and renew proceedings against Garding in the trial court.  If the proceedings are renewed in state court, the State must promptly file notice in this action.
>
> If the State does not file notice on or before April 21, 2023, at 12:00 p.m., Respondents shall immediately and unconditionally release Garding from all custody based on the Judgment entered in *State v. Garding*, Cause No. DC-2010-160 (Mont. Fourth Jud. Dist. Court, Oct. 25, 2011), and Garding may not be retried.

(*Id.* at 53-54.)

On April 20, 2023, Respondent filed the Motion to Stay and Brief in Support. (Docs. 30 & 31.)  Contemporaneously, Respondent also filed a Notice of the State's intent to retry Garding for vehicular homicide.  (Doc. 32.)  Attached to the Notice is a Motion to Renew Proceedings and Set Status Hearing filed in the state district court.  (Doc. 32-1.)  On April 20, 2023, the state district court vacated Garding's criminal conviction and judgment and set the matter for a status and scheduling conference on June 14, 2023.  (Doc. 34-1.)  Garding was allowed to remain at liberty without posting a bond.  (*Id.* at 2.)  She was further directed to obey all laws, attend all court appearances, and not to communicate with the State's witnesses.  (*Id.*)

Respondent asks the Court for a stay in this Court, pursuant to Fed. R. App. P. 8(a)(1), of the execution of the conditional writ pending resolution of the State's appeal of this Court's order in the Ninth Circuit.  (Doc. 30 at 1-2.)

2

**Discussion**

"[A] district court retains jurisdiction to issue orders regarding the custody or enlargement of a [habeas corpus] petitioner even after an appeal has been taken." *Stein v. Wood*, 127 F. 3d 1187, 1190 (9th Cir. 1997); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)(finding a district court has broad discretion in conditioning a judgment granting habeas relief, including, whether or not to release a prisoner pending appeal). "This is not a case where the district court is merely deciding whether a condition placed on a habeas petitioner's custody has been met." *Stein*, 127 F. 3d at 1190. "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one. The consequence when the State fails to replace an invalid judgment with a valid one is always release." *Harvest v. Castro*, 531 F. 3d 737, 742 (9th Cir. 2008)(quotations omitted). "[W]hen a State fails to cure the constitutional error, i.e., when it fails to comply with the order's conditions, and it has not demonstrated that it deserves relief from the judgment under Rule 60 or the other mechanisms provided for in the Rules, the conditional grant of habeas corpus requires the petitioner's release from custody." *Id.* at 750; *see also* Fed. R. App. P 23(c)("While a decision ordering the release of a prisoner is under review, the prisoner must- unless the court or judge rendering the decision, or the court of appeals, or the Supreme

Court, or a judge or justice of either court orders otherwise- be released on personal recognizance, with or without surety.")

Federal Rule of Appellate Procedure 8 provides: "A party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal…" Fed. R. App. P. 8(a)(1); *see also* Fed. R.Civ.P 62(d)("While an appeal is pending from…a final judgment that grants…an injunction, the court may suspend, modify…or grant an injunction on terms for bond or other terms that secure the opposing party's rights.")  "Although there is a 'presumption of release from custody' of a successful habeas petitioner pending appeal, 'it may be overcome if the traditional stay factors tip the balance against it.'" *Haggard v. Curry*, 631 F. 3d 931, 934 (9th Cir. 2010)(*quoting Hilton*, 481 U.S. at 774)(*citing* Fed. R. App. P. 23(c)).  Under both Federal Rule of Appellate Procedure 8(a) and Federal Rule of Civil Procedure 62, "the factors regulating the issuance of a stay are generally the same:"

> (1)whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776.  "The most important factor is the first, that is whether the state has made a strong showing of likely success on the merits of its appeal of the district court's decision." *Haggard*, 631 F. 3d at 935 (*citing Hilton*, 481 U.S. 778).

"Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.  Where the State's showing on the merits falls below this level, the preference for release should control."  *Id.*

Respondent argues that each of these four factors supports a finding that a stay of this Court's prior is warranted in the present matter and will allow Garding's conviction and sentence to remain in effect until the appeal is resolved. First, Respondent argues that there exists a possibility that a fair-minded jurist could disagree with this Court's finding that the Montana Supreme Court's decision finding that counsel did not render ineffective assistance conflicted with United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  (Doc. 31 at 8).  Respondent asserts this Court did not afford the requisite deference due to the state court decision under AEDPA, and in contravention of *Harrington v. Richter*, 562 U.S. 86 (2011).  (*Id.* at 8-23.)  Accordingly, Respondent believes this Court's decision "must be tested by appellate review."  (*Id.* at 23.) Thus, Respondent believes it has shown under the first factor that the State is likely to succeed on the merits.

Respondent next argues it will be irreparably injured absent a stay.  (*Id.* at 24.)  As set forth above, the State has already complied with this Court's order and

provided notice that it intends to retry Garding.  Respondent argues it would make little sense for both the trial and appellate processes to move forward in tandem, particularly "if there is any possibility the trial could be mooted by a reversal of this Court's order on appeal."  (*Id.*)(citations omitted).  While the State acknowledges there is nothing in this Court's conditional writ that requires a deadline within which a retrial is to occur, it believes appellate briefing will be complicated by the fact that Garding is likely to file a cross-appeal challenging this Court's denial of her *Brady* claims.  (*Id*. at 24-5.)  The State argues it will be irreparably harmed if retrial occurs before the appeal is resolved; that there are inherent difficulties in retrying a case more than a decade after the first trial; and that if Garding is acquitted on retrial, the conviction will be vacated even if the Circuit agrees with the State's argument on appeal.  (*Id*. at 25.)  Respondent also argues that State has an interest in continuing custody and rehabilitation, and that this factor should be considered in analyzing irreparable injury.  Because Garding has more than 18 years remaining on her sentence, Respondent asserts a stay would further the State's interest in continuing custody and rehabilitation until the appellate process concludes.  (*Id*. at 25-6.)

Respondent argues Garding will not be substantially injured because she is currently released on parole and is being supervised in the community.  If a stay is not granted, the district court will have to determine a bond or impose release

conditions upon Garding.  Respondent contends because any release conditions will likely be substantially similar to the conditions already imposed upon Garding, she will not suffer injury and the factor strongly weighs in Respondent's favor. (*Id*. at 31.)

Finally, Respondent asserts the public interest supports a stay.  Because the conviction is 11 years old, Respondent believes the principle of finality in judgment of state court convictions weighs in its favor.  (*Id*. at 26.)  Respondent states such a policy serves the compelling interests of both the State and of crime victims.  (*Id*. at 26-7.)

In relation to the first factor, this Court explained its analysis, including application of both *Harrington v. Richter* and AEDPA to Garding's case in the Order granting habeas relief.  The Court does not find Respondent has shown that "there is a substantial likelihood of success on appeal.  *Hilton*, 481 U.S. at 778. The claim that Respondent has a "substantial case on the merits" is closer, but still not overwhelming.  Accordingly, this factor weighs only slightly in Respondent's favor.

As to the second factor, that the State will be irreparably harmed if retrial occurs before the appeal is resolved, such a situation is present in every habeas proceeding when a district court's order granting release is appealed.  If the Circuit upholds this Court's order granting habeas relief, the retrial will not prejudice the

respondent at all, because the Circuit will have agreed that Garding's first trial was tainted by constitutional error. Second, regardless of the Circuit's ultimate decision on the merits, the Circuit may choose to stay this Court's habeas order pending completion of Respondent's appeal. In that case, the respondent would not have to retry Garding without first having a definitive ruling on the merits.

Similarly, the State's argument that Garding has a substantial amount of time remaining on her overall sentence, is not persuasive. While it is true that "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id*. at 777. On February 3, 2022, Garding signed her conditions of Probation/Parole and was released from custody. (See Doc. 22-1 at 2-8.) Presumably, Garding has been compliant with the conditions of her release; she remained at liberty while the proceedings before this Court were pending. This factor does not weigh substantially in Respondent's favor.

Similarly, the third factor does not weigh in Respondent's favor. Since the time of the filing of the motion requesting a stay, the state district court released Garding without bail, and with the conditions that she obey all laws and attend all court proceedings, as discussed above. The Respondent's argument that any

8

release conditions set by the district court would be similar to her parole conditions and, thus, not harmful to Garding is not persuasive.  A convicted felon released on parole is subject to substantial restraints on her liberty and remains under the custody of the Montana Department of Corrections.  A parolee must comply with all of the terms and conditions of parole, including but not limited to drug/alcohol testing, employment requirements, search requirements, travel restrictions, restrictions on associating with certain individuals, and mandatory meetings with supervising officers.  (*See e.g.,* Doc. 22-1 at 2-3)(Garding's Conditions of Probation and Parole*); see also  Samson v. California*, 547 U.S. 843, 851 (2006).  Garding's release without bond by the district court is substantially less restrictive than the Probation and Parole conditions by which she was previously to abide.  Thus, Garding would be irreparably harmed if the grant of habeas relief were indefinitely stayed pending appeal.  Respondent has not demonstrated that this factor overcomes Garding's "presumption of release from custody" as a successful habeas petitioner pending appeal.  *See Haggard*, 631 F. 3d at 934; *Hilton*, 481 U.S. at 774.  This factor weighs against a stay.

Finally, the fourth factor, the public interest is neutral at best and does not weigh in favor of a stay pending appeal.   Respondent argues the finality in criminal convictions and the interests of the State and crime victims supports a stay.  But there is an equally compelling countervailing public policy- to ensure

that no individual be denied liberty without a trial that meets constitutional standards and protects one's constitutional rights. *See e.g., Grube v. Blades*, 2006 WL 516753, *1 (D. Idaho Feb. 28, 2006)(granting in part and denying in part the respondent's motion for stay of habeas order pending appeal and finding, "the public interest does not lie in favor of keeping Grube imprisoned in light of the conclusion that his constitutional rights were violated"); *see also Connection Distributing Co. v. Reno*, 154 F. 3d 281, 290 (9th Cir. 1998)(noting it is always in the public interest to prevent the violation of a party's constitutional rights).

On the balance, the Court's analysis of the relevant factors leaves the Court to conclude Respondent has not met its burden of justifying a stay the execution of the conditional writ pending resolution of the appeal. The Court will, however, exercise its discretion and stay the Order entered on March 27, 2023, for a limited time so that the Respondent may seek a stay pending appeal from the Ninth Circuit.

IT IS HEREBY ORDERED:

1. The Motion to Stay (Doc. 30) is DENIED.

2. Pursuant to Federal Rule of Appellate Procedure 8(a)(1), the March 27, 2023 Order of this Court, and the accompanying Judgment, are STAYED for a period of **thirty (30) days** from the date of this Order. Unless subsequently modified by this Court or the Court of Appeals, this stay shall lift automatically

without further order of this Court thirty days from the date this order is filed.

DATED this 24th day of April, 2023.

/s/ Dana L. Christensen
Dana L. Christensen
United States Magistrate Judge